[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10219
Non-Argument Calendar
_____

Agency No. A216-277-744


DEEPAK MAGAR BUDHA,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 10, 2019)


Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Deepak Magar Budha, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the Immigration Judge's (IJ) order of removal based on his failure to submit an asylum application by the deadline imposed by the IJ.  After review, we dismiss in part and deny in part.

Budha argues for the first time in his petition for review that his counsel was ineffective for failing to timely file the asylum application.  Budha asserts counsel was ineffective because he retained counsel on June 27, giving counsel adequate time to prepare the asylum application by the July 9 deadline.  Budha did not raise this ineffective-assistance-of-counsel claim before the BIA.  Budha raised a different claim in his brief to the BIA, that counsel had been retained on July 3 and that the IJ should have granted a continuance to give her adequate time to prepare the application.  *See* 8 U.S.C. § 1252(d)(1) (providing a court may review a final order of removal only if the alien has exhausted all administrative remedies available as of right).  Because Budha failed to exhaust this ineffective-assistance-of-counsel claim before the BIA, we lack jurisdiction to review it on appeal.  *See Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006) (stating the requirement to exhaust administrative remedies is jurisdictional, and we lack jurisdiction to consider claims that have not been raised before the BIA).

2

To the extent Budha argues he requested a continuance based on the need for more time to complete the asylum application, the BIA did not abuse its discretion in concluding he waived his opportunity to file it. *See Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006) (reviewing the denial of petitioner's motion for continuance for an abuse of discretion); 8 C.F.R. § 1003.31(c) (providing the IJ may set and extend time limits for the filing of applications and related documents and, if the application or document is not filed within the time set by the IJ, the opportunity to file it shall be deemed waived). The IJ initially gave Budha a one-month continuance to find a lawyer, even though Budha said he did not need one, and then gave him an additional two-month continuance to complete the asylum application, with or without a lawyer. At the July 9 hearing, Budha acknowledged the IJ had warned him that failure to file the asylum application on July 9, whether he was represented by an attorney or not, would waive his opportunity to do so. Thus, to the extent Budha's request to file his asylum application later on July 9 is construed as a motion for a continuance, the BIA did not abuse its discretion in concluding Budha waived the opportunity to file it based on the IJ's clear instructions regarding the asylum application, his warning about abandonment, and his three-month continuance to allow Budha to obtain counsel and complete the asylum application. *See Zafar*, 461 F.3d at 1362 (stating the grant of a continuance

3

is within the IJ's broad discretion), 8 C.F.R. § 1003.29 (providing an IJ "may grant a continuance for good cause shown").

Accordingly, we dismiss the petition to the extent Budha raises an ineffective-assistance claim and deny the petition to the extent he argues the IJ abused his discretion in denying a continuance.

**PETITION DENIED IN PART AND DISMISSED IN PART.**